[Civil No. 1158.   Filed April 2, 1910.]

[108 Pac. 479.]

J. T. TOLAND, Petitioner and Appellant, v. BOARD OF
SUPERVISORS OF COCHISE COUNTY, Respondent.

INTOXICATING LIQUORS—LICENSES—APPLICATIONS—CONSENT OF OWN-
ERS.—Civil Code of 1901, paragraphs 2874, 2875, requiring the
applicant for a liquor license to file the written consent of the
owners of a majority of the real estate located within a radius of
three miles from the point where the saloon is to be conducted, etc.,
do not apply where the saloon is to be conducted within an unincor-
porated town having a population of more than 500 inhabitants.

APPLICATION for *mandamus* by J. T. Toland against the
board of supervisors of Cochise county, to compel the issu-
ance of a liquor license.   Demurrer overruled, and alternative
writ issued.

Neale & Sutter, for Petitioner.

John B. Wright, Attorney General, for Respondent.

PER CURIAM.—The demurrer to the application for a
writ of *mandamus* in this matter raises the question whether
paragraph 2874 of the Revised Statutes of the territory of
Arizona is applicable.   The board of supervisors, according
to the allegations of the petition, refused to consent to the
issuance of a license to the petitioner on the ground that the
saloon for which the petitioner desired a license was situated
within the unincorporated town of Lowell, and within one
mile of the corporate limits of the city of Bisbee, and that
the petitioner had failed to file with the clerk of the board of
supervisors the written consent of the owners of a majority of
the real estate located within the radius of three miles from
the point where such saloon is to be conducted, as provided
in paragraph 2875 of the Revised Statutes.   A majority of
the court are of the opinion that these provisions of the stat-
ute do not apply, for the reason that the saloon was within
the limits of a town having a population of more than 500
inhabitants.   The board of supervisors, therefore, had no au-
thority to withhold the consent for the license solely upon
the ground of noncompliance with such law.   The demurrer
that has been interposed is overruled.

As, however, there may exist other reasons for the refusal to consent to the issuance of such license, properly cognizable by the board of supervisors, and within their discretion, we do not at this time order that a peremptory writ of *mandamus* issue as prayed for in the petition; but the order will be that an alternative writ of *mandamus* issue, returnable at the next sitting of this court, requiring the respondent to consent to the issuance of the license prayed for, or show cause at that time why such consent should not be given, if other grounds within the discretion of the board exist for the refusal so to grant such consent.